MEREDITH R. DEARBORN (SBN 268312)
mdearborn@paulweiss.com
RANDALL SCOTT LUSKEY (SBN 240915)
rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: 628-432-5100
Facsimile: 628-232-3101

KRISTINA A. BUNTING (NY SBN: 5510847; *pro hac vice*)
kbunting@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3503
Facsimile: 212-757-3990

Attorneys for Defendants
COINBASE GLOBAL, INC. and COINBASE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KENNETH DONOVAN, HUSSIEN KASSFY, and JOHN BRAMBL, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GMO-Z.COM TRUST COMPANY, INC.; COINBASE GLOBAL, INC. and COINBASE, INC.,<br><br>Defendants. | Case No. 3:22-cv-02826-TLT<br><br>**DEFENDANTS COINBASE GLOBAL, INC. AND COINBASE, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date: January 10, 2023<br>Time: 2:00 p.m.<br>Dept.: Courtroom 9, 19th Floor<br>Judge: Hon. Trina L. Thompson |

**TO THE COURT AND EACH PARTY AND THE ATTORNEY OF RECORD FOR EACH PARTY:**

Further to the Court's comments at the parties' October 25, 2022 initial case management conference, Defendants Coinbase Global, Inc. and Coinbase, Inc. (collectively "Coinbase") lodge this Notice of Supplemental Authority in Support of their Motion to Compel Arbitration (Dkt. 59), which is set for hearing before this Court on January 10, 2023. Attached hereto as Exhibit A is a copy of the order from San Francisco Superior Court Judge Richard B. Ulmer granting Coinbase's motion to compel arbitration in *Mohamad Mahmoud et al.* v. *Coinbase Inc. et al.*, Case No. CGC-22-600607 (Cal. Sup. Ct.). The plaintiffs in that case—like Plaintiffs Kassfy and Brambl in this case—alleged that Coinbase negligently listed GYEN and misrepresented its price stability, and that they suffered financial losses after purchasing GYEN on Coinbase in November 2021. *See* Dkt. 48 (Plaintiffs' Notice of Pendency of Other Action Pursuant to Local Rule 3-13) (noting that *Mahmoud* "also relates to the buying, selling, and trading of the digital asset GYEN"). The *Mahmoud* court held that Coinbase had established "that the parties agreed to arbitrate their dispute when they entered into the 2022 Coinbase User Agreement." Exhibit A at 1. The court there rejected the plaintiffs' argument that the 2022 User Agreement did not apply to this dispute because the alleged dispute/loss arose in November 2021, highlighting that "[t]he 2022 Agreement expressly provides that '[f]or purposes of this Arbitration Agreement, Dispute will also include disputes that arose or involve facts occurring before the existence of this or any prior versions of the User Agreement.'" *Id.* at 2.

Federal courts routinely consider state court decisions where the cases have "strikingly similar issues," which is the case here. *See, e.g.*, *Ashghari–Kamrani* v. *United Services Automobile Ass'n*, 2016 WL 8253884, at *1 (E.D. Va. 2016); *Ass'n of Apartment Owners of the Moorings, Inc.* v. *Dongbu Ins. Co.*, 2016 WL 4424952, at *4 (D. Haw. Aug. 18, 2016), *aff'd*, 731 F. App'x 713 (9th Cir. 2018) (finding reasoning of cases from other jurisdictions "persuasive" when they considered "policy language similar" to the ones at issue).

Dated: November 8, 2022

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Meredith R. Dearborn*
Meredith R. Dearborn