United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH DONOVAN, et al.,
Plaintiffs,

v.

COINBASE GLOBAL, INC., et al.,
Defendants.

Case No. 22-cv-02826-TLT

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Re: ECF No. 64

Before the Court is Plaintiffs Kenneth Donovan, Hussien Kasfy, and John Brambl (collectively, "Plaintiffs")' motion for leave to file an amended complaint. Pls. ['] Mot. For Leave to File Am. Compl. ("Mot."), ECF No. 64. In its discretion, the Court finds this motion suitable for determination without oral argument. Civ. L.R. 7-1(b).

Having carefully considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **GRANTS** Plaintiffs' motion for leave to file an amended complaint.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings with leave of the court. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires," and this policy is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted). The Supreme Court has outlined five factors in considering whether to grant leave to amend: (1) bad faith on the part of the movant, (2) undue delay by the movant, (3) repeated amendments by the movant, (4) undue prejudice to the nonmovant, and (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The nonmovant bears the burden of demonstrating why leave to amend should not be granted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

United States District Court
Northern District of California

## II. DISCUSSION

Here, through their motion, Plaintiffs seek leave to (1) add a claim under Cal. Civ. Code §§ 1750, *et seq.*, (2) add a claim under Cal Bus. & Prof. Code §§ 17500, *et seq.*, (3) add a California Subclass, and (4) revise select factual allegations. Mot. 1. Plaintiffs argue that leave to amend will not prejudice Defendants Coinbase Global, Inc. and Coinbase Inc. ("Defendants")[1] because this action is still in the early stages, discovery is stayed, and no other case deadlines have been set. *Id.* at 3. In addition, Plaintiffs contend that although Defendants have a pending motion to dismiss, any amended complaint would not preclude Defendants from refiling a renewed motion to dismiss, should they so choose. *Id.*

In opposition, Defendants primarily argue that the Court should deny Plaintiffs motion for leave to file an amended complaint because "Plaintiffs have admitted that they wish to use this amendment in an ill-conceived and unmeritorious gambit to avoid arbitration." Defs. ['] Opp'n to Mot. 1-6, ECF No. 69. However, on January 6, 2023, the Court granted Defendants' motion to compel arbitration and stayed this entire action pending the arbitration proceedings. *See* ECF No. 78. As such, Defendants' primary argument for opposing amendment is now moot, and the Court finds that any prejudice to Defendants in allowing amendment is minimal, especially given the transfer of venue of Plaintiffs' claims against defendant GMO-Z.com Trust Company, Inc. to the United States District Court for the Southern District of New York. *See Eminence*, 316 F.3d at 1052 (explaining that not all factors carry equal weight—prejudice to the opposing party must be given the greatest weight and that "[a]bsent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend"); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (A court generally will grant leave to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.").

---

[1] On July 13, 2023, the Court granted Plaintiffs and defendant GMO-Z.com Trust Company, Inc.'s joint stipulation requesting to transfer venue of Plaintiffs' claims against defendant GMO-Z.com Trust Company, Inc. *only* to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). *See* ECF No. 84. As such, only Coinbase Global, Inc. and Coinbase Inc. remain as defendants in this action. *Id.*

As discussed above, this matter is currently stayed and no pretrial or trial deadlines have been set. Therefore, the Court finds that the prejudice to Defendants in allowing amendment is minimal as Defendants have time to brief and argue any renewed motion to dismiss, if necessary, after the stay is lifted. *See DCD Programs*, 833 F.2d at 187-88 (Ninth Circuit found no prejudice where pretrial conference had not been scheduled and no trial date was pending); *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-cv-0040-BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018) ("Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred.") (citing *DCD Programs*, 833 F.2d at 187-88).

The Court has also considered the remaining factors under Rule 15 and finds that the presumption in favor of granting leave to amend under Rule 15 applies. *See Eminence*, 316 F.3d at 1052. In addition, the Court finds that an amended complaint would help clarify what claims remain against Defendants Coinbase Global, Inc. and Coinbase Inc. *only* given (1) the result of the pending arbitration proceedings and (2) the transfer of venue of Plaintiffs' claims against defendant GMO-Z.com Trust Company, Inc. to the United States District Court for the Southern District of New York.

## III. CONCLUSION

For the above reasons, Plaintiffs' motion for leave to file an amended complaint is **GRANTED**.[2] Plaintiffs shall file their amended complaint against Defendants Coinbase Global, Inc., and Coinbase Inc. *only* as a separate docket entry within 21 days from the date the Court issues an order lifting the stay in this action. However, before Plaintiffs file any amended complaint, the parties shall meet and confer and discuss whether any of the proposed amendments have been rendered moot by (1) the result of the pending arbitration proceedings and (2) the transfer of venue of Plaintiffs' claims against defendant GMO-Z.com Trust Company, Inc. to the United States District Court for the Southern District of New York.

[2] Because an amended complaint replaces any previously filed complaint as the operative complaint, the Court hereby **DENIES** Defendants' motion to dismiss (ECF No. 52) as moot. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (citation omitted). However, this denial is without prejudice and does not preclude Defendants from timely refiling any renewed motion addressing the amended complaint.

Any response to an amended complaint is due 14 days after Plaintiffs' filing.

The stay in this matter is maintained until the Court orders otherwise.

This Order terminates docket numbers 52 and 64.

**IT IS SO ORDERED.**

Dated: August 1, 2023

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California