UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH DONOVAN, HUSSIEN KASSFY, and JOHN BRAMBL, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

GMO-Z.COM TRUST COMPANY, INC.,

Defendant.

No. 1:23-cv-08431-AT
Hon. Analisa Torres

**GMO-Z.COM TRUST COMPANY, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant GMO-Z.com Trust Company, Inc. ("GMO Trust"), by and through its undersigned counsel, hereby answers and asserts defenses to Plaintiffs Kenneth Donovan, Hussien Kassfy, and John Brambl's ("Plaintiffs") Second Amended Class Action Complaint (ECF No. 109) (the "Complaint").

GMO Trust denies that it has engaged in illegal conduct. GMO Trust denies that Plaintiffs are entitled to judgment in their favor or any relief whatsoever, including the relief requested in Plaintiffs' prayer for relief.

All allegations not expressly admitted in this Answer are denied and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations that are contained in the averment or in the Complaint as a whole. Unless otherwise noted, footnotes, appendices, headings, and subheadings do not purport to state factual allegations, and no response is required. To the extent any response is required, all answers to allegations in a particular paragraph of the Complaint should be construed to apply equally to the allegations contained in the footnotes, subparts, headings, subheadings, or appendices, if any,

accompanying, comprising or relating to such paragraph of the Complaint, unless expressly stated otherwise.

The Complaint incorporates references to, purported descriptions and/or summaries of, and purported quotations from, various publicly available documents and statements. GMO Trust respectfully refers the Court to the relevant documents and statements for their complete and accurate content and context without admitting the truth thereof or the admissibility of the documents and statements. To the extent that those purported descriptions, summaries, and quotations are taken from sources not specifically identified in the Complaint, not in GMO Trust's possession, or are otherwise unclear, GMO Trust denies having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations and, in the case of quotations, regarding the accuracy of such quotations.

No statement herein constitutes a comment on the legal theories upon which Plaintiffs purport to proceed; to the extent the Complaint asserts legal conclusions, such legal conclusions require no response in this Answer.

This statement is incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## SPECIFIC RESPONSES

1. Paragraph 1 states legal conclusions and characterizations to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 1.

2. GMO Trust denies that the allegations in the first sentence of Paragraph 2 present a complete and accurate description of the matters described and therefore denies the allegations on that basis. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 2, and therefore denies the allegations in the second and third sentences of Paragraph 2 on that basis.

3. GMO Trust denies that the allegations in Paragraph 3 present a fair and complete description of the matters described and therefore denies the allegations in Paragraph 3 on that basis.

4. GMO Trust denies that the allegations in the first sentence of Paragraph 4 present a fair and complete description of the matters described and therefore denies the allegations in the first sentence of Paragraph 4 on that basis. To the extent that the second sentence of Paragraph 4 purports to quote, characterize, or summarize the GYEN White Paper, the GYEN White Paper speaks for itself. GMO Trust respectfully refers the Court to the GYEN White Paper for an accurate and complete record of its contents. To the extent the second sentence of Paragraph 4 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in the second sentence of Paragraph 4.

5. The first sentence of Paragraph 5 employs the ambiguous and undefined term "stable" to which no response is required. To the extent a response is required, GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 5, and therefore denies them on that basis. GMO Trust denies the allegations in the second sentence of Paragraph 5. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 5, and therefore denies them on that basis. GMO Trust denies the allegation in the fourth sentence of Paragraph 5 that the term "stablecoin" is "confusing and even misleading." To the extent that the fourth and fifth sentences of Paragraph 5 purport to quote, characterize, or summarize the article cited in footnote three, the article speaks for itself. GMO Trust respectfully refers the Court to the article for an accurate and complete record of its contents. To the extent the fourth and fifth sentences of

Paragraph 5 do not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations.

6. GMO Trust denies that the allegations in Paragraph 6 present a fair and complete description of the matters described, and therefore denies the allegations in Paragraph 6 on that basis.

7. The allegations in Paragraph 7 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies the allegations in Paragraph 7.

8. To the extent that Paragraph 8 purports to quote, characterize, or summarize the website of GMO Trust, the website speaks for itself. GMO Trust respectfully refers the Court to the website for an accurate and complete record of its contents. GMO Trust otherwise denies the allegations in Paragraph 8. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of footnote 5, and therefore denies them on that basis. To the extent that the second sentence of footnote 5 purports to quote, characterize, or summarize statements made by the Board of Governors of the Federal Reserve System, GMO Trust also respectfully refers the Court to the Federal Reserve Note for a complete and accurate record of its contents. To the extent they do not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations.

9. GMO Trust denies that the allegations in the first sentence of Paragraph 9 present a fair and complete description of the matters alleged and therefore denies them on that basis. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 9, and therefore denies them on that basis.

10. GMO Trust denies that the allegations in the first, third, and fourth sentences of Paragraph 10 present a fair and complete description of the matters alleged and therefore denies them on that basis. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 10, and therefore denies them on that basis.

11. GMO Trust denies the allegations in the first sentence of Paragraph 11 on the basis that GMO Trust is not responsible for any purported losses. To the extent that Paragraph 11 purports to quote, characterize, or summarize GMO Trust's statements and the GYEN White Paper, the statements and GYEN White Paper speak for themselves. GMO Trust respectfully refers the Court to the statements and White Paper for an accurate and complete record of their contents. GMO Trust otherwise denies the allegations in Paragraph 11.

12. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them on that basis.

13. Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 13.

14. The allegations in Paragraph 14 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies the allegations in Paragraph 14.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 15.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust admits that its principal place of business is in New York, New York.

17. Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust admits that it maintains an office in New York, New York. To the extent that the allegations in Paragraph 17 purport to quote, characterize, or summarize docket items, the docket items speak for themselves. GMO Trust respectfully refers the Court to the docket for a complete and accurate record of its contents. To the extent Paragraph 17 does not fairly, accurately, or completely characterize the docket, GMO Trust denies the allegations in Paragraph 17. GMO Trust otherwise denies the allegations in Paragraph 17.

18. Paragraph 18 states legal conclusions to which no response is required. The allegations in Paragraph 18 also pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies the allegations in Paragraph 18.

19. GMO Trusts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them on that basis.

20. GMO Trusts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them on that basis.

21. GMO Trusts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them on that basis.

22. GMO Trust admits that it is a Limited Purpose Trust Company organized under the laws of New York and that its principal place of business is located at 150 East 52nd Street, Suite 7003, New York, NY, but otherwise denies that the allegations in the first three sentences of Paragraph 22 present a fair and complete description of the matters described and therefore denies the allegations in the first three sentences of Paragraph 22. GMO Trust denies the allegations in the fourth sentence of Paragraph 22.

23. GMO Trust admits the allegations in the first sentence of Paragraph 23. The second, third, and fifth sentences of Paragraph 23 employs the ambiguous and undefined terms "one of the largest" and "conglomerate" to which no response is required. To the extent a response is required, GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fifth sentences of Paragraph 23, and therefore denies them on that basis. GMO Trust admits that affiliates of GMO Internet Group engage in web hosting and online advertising, but otherwise denies the allegations in the fourth sentence of Paragraph 23.

24. To the extent that the allegations in Paragraph 24 purport to quote, characterize, or summarize GMO Trust's website and/or statements, the website and/or statements speak for themselves. GMO Trust respectfully refers the Court to the website and/or statements for a complete and accurate record of their contents. To the extent the allegations in Paragraph 24 do not fairly, accurately, or completely characterize the website and/or statements, GMO Trust denies the allegations in Paragraph 24.

25. GMO Trust admits the allegations in the first and second sentences of Paragraph 25. To the extent that the remaining allegations in Paragraph 25 purport to quote, characterize, or summarize GMO Trust's website, the website speaks for itself. GMO Trust respectfully refers the Court to the website for a complete and accurate record of its contents. To the extent the remaining allegations in Paragraph 25 do not fairly, accurately or completely characterize the cited statements, GMO Trust denies those allegations.

26. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them on that basis.

27. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them on that basis.

28. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 28, and therefore denies them on that basis. GMO Trust denies that the allegations in the third sentence of Paragraph 28 present a fair and complete description of the matters described and therefore denies the allegations in the third sentence of Paragraph 28.

29. Paragraph 29 defines terms to which no response is required.

30. To the extent Paragraph 30 purports to quote, characterize, or summarize articles, the articles speak for themselves. GMO Trust respectfully refers the Court to the articles for an accurate and complete record of their contents. To the extent Paragraph 30 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 30. GMO Trust otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them on that basis.

31. GMO Trust denies that the allegations in Paragraph 31 present a fair and complete description of the matters described and therefore denies the allegations in Paragraph 31.

32. GMO Trust denies that the allegations in Paragraph 32 present a fair and complete description of the matters described and therefore denies the allegations in Paragraph 32.

33. GMO Trust denies that the allegations in Paragraph 33 present a fair and complete description of the matters described and therefore denies the allegations in Paragraph 33.

34. GMO Trust denies that the allegations in Paragraph 34 present a fair and complete description of the matters described and therefore denies the allegations in Paragraph 34.

35. GMO Trust denies that the allegations in Paragraph 35 present a fair and complete description of the matters described and therefore denies the allegations in Paragraph 35.

36. GMO Trust denies that the allegations in Paragraph 36 present a fair and complete description of the matters described and therefore denies the allegations in Paragraph 36.

37. GMO Trust denies that the allegations in the first five sentences of Paragraph 37 present a fair and complete description of the matters described and therefore denies the allegations in the first five sentences of Paragraph 37. Additionally, GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth and seventh sentences of Paragraph 37, and therefore denies them on that basis.

38. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them on that basis.

39. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 39, and therefore denies them on that basis. GMO Trust denies that the allegations in the third sentence of Paragraph 39 present a fair and complete description of the matters described and therefore denies the allegations in the third sentence of Paragraph 39. To the extent that the fourth and fifth sentences of Paragraph 39 purport to quote, characterize, or summarize statements made by the European Central Bank's Financial Action Task Force and the article cited in footnote four, the statements speak for themselves. GMO Trust respectfully refers the Court to the statements for an accurate and complete record of their contents. To the extent Paragraph 39 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations. GMO Trust denies that it has ever used the term "stablecoin" in a manner that is confusing or misleading.

40. Paragraph 40 employs the ambiguous and undefined term "conglomerate" and "large-size" to which no response is required. To the extent a response is required, GMO Trust

denies the allegations in Paragraph 40, except that GMO Trust admits that GMO Internet Group's principal place of business is in Tokyo.

41. GMO Trust admits that GMO is a limited purpose trust company organized under the laws of the State of New York, but otherwise denies the allegations in the first and second sentences of Paragraph 41. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 41, and therefore denies them on that basis. GMO Trust denies the allegations in the fourth sentence of Paragraph 41.

42. Paragraph 42 employs the ambiguous and undefined terms "nationwide marketing campaign" and "touted," as to which no responses are required. GMO Trust denies that the allegations in Paragraph 42 present a fair and complete description of the matter alleged. To the extent that Paragraph 42 purports to quote, characterize, or summarize GMO Trust's advertisements, GMO Trust's statements speak for themselves. GMO Trust respectfully refers the Court to GMO Trust's statements for an accurate and complete record of their contents. To the extent Paragraph 42 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations.

43. To the extent Paragraph 43 purports to quote, characterize, or summarize the Medium article, the Medium article speaks for itself. GMO Trust respectfully refers the Court to the Medium article for a complete and accurate record of its contents. To the extent Paragraph 43 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 43.

44. To the extent that Paragraph 44 purports to quote, characterize, or summarize GMO Trust's announcement, GMO Trust's statement speaks for itself. GMO Trust respectfully refers the Court to GMO Trust's announcement for an accurate and complete record of its contents. To

the extent Paragraph 44 does not fairly, accurately, or completely characterize the cited announcement, GMO Trust denies the allegations in Paragraph 44. GMO Trust otherwise denies that the allegations in Paragraph 44 present a fair and complete description of the matters described and therefore denies the allegations in Paragraph 44, except admits that GMO Trust announced the official launch of the GYEN on March 1, 2021.

45. Paragraph 45 employs the ambiguous and undefined terms "national marketing campaign," "promoting," and "pegged 1-to-1," as to which no responses are required. To the extent responses are required, GMO Trust denies the allegations in Paragraph 45.

46. To the extent Paragraph 46 purports to quote, characterize, or summarize the Report by The Block Research, the Report speaks for itself. GMO Trust respectfully refers the Court to the Report for an accurate and complete record of its contents. To the extent Paragraph 46 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 46.

47. To the extent Paragraph 47 purports to quote, characterize, or summarize the GYEN White Paper, the GYEN White Paper speaks for itself. GMO Trust respectfully refers the Court to the GYEN White Paper for an accurate and complete record of its contents. To the extent Paragraph 47 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 47.

48. To the extent Paragraph 48 purports to quote, characterize, or summarize GMO Trust's videos on LinkedIn and YouTube, the videos speak for themselves. GMO Trust respectfully refers the Court to the videos for an accurate and complete record of their contents. To the extent Paragraph 48 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 48.

49. To the extent Paragraph 49 purports to quote, characterize, or summarize statements and documents on GMO Trust's website, the statements and documents speak for themselves. GMO Trust respectfully refers the Court to the statements and documents for an accurate and complete record of their contents. To the extent Paragraph 49 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 49.

50. To the extent Paragraph 50 purports to quote, characterize, or summarize the GYEN White Paper, the GYEN White Paper speaks for itself. GMO Trust respectfully refers the Court to the GYEN White Paper for an accurate and complete record of its contents. To the extent Paragraph 50 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 50.

51. To the extent Paragraph 51 purports to quote, characterize, or summarize the GYEN White Paper, the GYEN White Paper speaks for itself. GMO Trust respectfully refers the Court to the GYEN White Paper for an accurate and complete record of its contents. To the extent Paragraph 51 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 51.

52. To the extent Paragraph 52 purports to quote, characterize, or summarize the GYEN White Paper, the GYEN White Paper speaks for itself. GMO Trust respectfully refers the Court to the GYEN White Paper for an accurate and complete record of its contents. To the extent Paragraph 52 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 52.

53. GMO Trust denies the allegations in Paragraph 53.

54. The allegations in Paragraph 54 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies

that the allegations in Paragraph 54 present a fair and complete description of the matters described and therefore denies the allegations in Paragraph 54.

55. Paragraph 55 states legal conclusions to which no response is required. Additionally, the allegations in Paragraph 55 pertain solely to claims that have been dismissed, and as to them no response is necessary.

56. Paragraph 56 states legal conclusions to which no response is required. Additionally, the allegations in Paragraph 56 pertain solely to claims that have been dismissed, and as to them no response is necessary.

57. The allegations in Paragraph 57 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies that Paragraph 57 presents a fair and complete description of *Howey* and respectfully refers the Court to the case for its full and complete contents.

58. The allegations in Paragraph 58 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent Paragraph 58 purports to quote, characterize, or summarize the SEC's Framework, the Framework speaks for itself. GMO Trust respectfully refers the Court to the Framework for an accurate and complete record of its contents. To the extent Paragraph 58 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 58.

59. The allegations in Paragraph 59 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent Paragraph 59 purports to quote, characterize, or summarize *Howey* and the SEC's Framework, *Howey* and the Framework speak for themselves. GMO Trust respectfully refers the Court to *Howey* and the Framework for an accurate and complete record of their contents. To the extent Paragraph 59 does not fairly,

accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 59.

60. The allegations in Paragraph 60 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies the claims in Paragraph 60.

61. The allegations in Paragraph 61 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies the claims in Paragraph 61. To the extent Paragraph 61 purports to quote, characterize, or summarize *Howey* and the SEC's Framework, *Howey* and the Framework speak for themselves. GMO Trust respectfully refers the Court to *Howey* and the Framework for an accurate and complete record of their contents. To the extent Paragraph 61 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 61.

62. The allegations in Paragraph 62 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent Paragraph 62 purports to quote, characterize, or summarize the SEC's Framework, the Framework speaks for itself. GMO Trust respectfully refers the Court to the Framework for an accurate and complete record of its contents. To the extent Paragraph 62 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 62.

63. The allegations in Paragraph 63 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies the claims in Paragraph 63.

64. The allegations in Paragraph 64 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, the GYEN White

Paper speaks for itself. GMO Trust respectfully refers the Court to the White Paper for an accurate and complete record of its contents. To the extent Paragraph 64 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 64.

65. To the extent Paragraph 65 purports to characterize, quote, or summarize the GYEN White Paper, the GYEN White Paper speaks for itself. GMO Trust respectfully refers the Court to the White Paper for an accurate and complete record of its contents. To the extent Paragraph 65 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 65.

66. The allegations in Paragraph 66 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, Mr. Nakamura's comments speak for themselves. GMO Trust respectfully refers the Court to the comments for an accurate and complete record of their contents. To the extent Paragraph 66 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 66.

67. The allegations in Paragraph 67 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust's press release speaks for itself. GMO Trust respectfully refers the Court to the press release for an accurate and complete record of its contents. To the extent Paragraph 67 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 67.

68. The allegations in Paragraph 68 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust's website speaks for itself. GMO Trust respectfully refers the Court to the website for an accurate

and complete record of its contents. To the extent Paragraph 68 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 68.

69. The allegations in Paragraph 69 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent Paragraph 69 purports to quote, characterize, or summarize GMO Trust's announcement, the announcement speaks for itself. GMO Trust respectfully refers the Court to the announcement for an accurate and complete record of its contents. To the extent Paragraph 69 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 69.

70. The allegations in Paragraph 70 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent Paragraph 70 purports to quote, characterize, or summarize GMO Trust's press release, the press release speaks for itself. GMO Trust respectfully refers the Court to the press release for an accurate and complete record of its contents. To the extent Paragraph 70 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 70. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies them on that basis.

71. The allegations in Paragraph 71 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent Paragraph 71 purports to quote, characterize, or summarize an article appearing in the Troy Record, the article speaks for itself. GMO Trust respectfully refers the Court to the article for an accurate and complete record of its contents. To the extent Paragraph 71 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 71. GMO Trust otherwise denies the allegations in Paragraph 71.

72. To the extent Paragraph 72 purports to quote, characterize, or summarize GMO Trust's website, the website speaks for itself. GMO Trust respectfully refers the Court to the website for an accurate and complete record of its contents. To the extent Paragraph 72 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 72.

73. To the extent Paragraph 73 purports to quote, characterize, or summarize GMO Trust's statement, the statement speaks for itself. GMO Trust respectfully refers the Court to the statement for an accurate and complete record of its contents. To the extent Paragraph 73 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 73.

74. The allegations in Paragraph 74 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent Paragraph 74 purports to quote, characterize, or summarize GMO Trust's press release, the press release speaks for itself. GMO Trust respectfully refers the Court to the press release for an accurate and complete record of its contents. To the extent Paragraph 74 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 74.

75. To the extent Paragraph 75 purports to quote, characterize, or summarize GMO Trust's press release, the press release speaks for itself. GMO Trust respectfully refers the Court to the press release for an accurate and complete record of its contents. To the extent Paragraph 75 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 75.

76. To the extent Paragraph 76 purports to quote, characterize, or summarize the tweet Mr. Nakamura reposted and Mr. Nakamura's interview, the tweet and interview speak for

themselves. GMO Trust respectfully refers the Court to the tweet and interview for an accurate and complete record of their contents. To the extent Paragraph 76 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 76.

77. To the extent Paragraph 77 purports to quote, characterize, or summarize the tweet Mr. Nakamura reposted, the tweet speaks for itself. GMO Trust respectfully refers the Court to the tweet for an accurate and complete record of its contents. To the extent Paragraph 77 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 77.

78. To the extent Paragraph 78 purports to quote, characterize, or summarize GMO Trust's tweet, the tweet speaks for itself. GMO Trust respectfully refers the Court to the tweet for an accurate and complete record of its contents. To the extent Paragraph 78 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 78.

79. To the extent Paragraph 79 purports to quote, characterize, or summarize Mr. Nakamura's tweet, the tweet speaks for itself. GMO Trust respectfully refers the Court to the tweet for an accurate and complete record of its contents. To the extent Paragraph 79 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 79.

80. To the extent Paragraph 80 purports to quote, characterize, or summarize the tweet Mr. Nakamura reposted, the tweet speaks for itself. GMO Trust respectfully refers the Court to the tweet for an accurate and complete record of its contents. To the extent Paragraph 80 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 80.

81. To the extent Paragraph 81 purports to quote, characterize, or summarize the article Mr. Nakamura tweeted, the tweet speaks for itself. GMO Trust respectfully refers the Court to the tweet for an accurate and complete record of its contents. To the extent Paragraph 81 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 81.

82. To the extent Paragraph 82 purports to quote, characterize, or summarize the screenshot Mr. Nakamura posted, the screenshot speaks for itself. GMO Trust respectfully refers the Court to the tweet for an accurate and complete record of its contents. To the extent Paragraph 82 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 82.

83. To the extent Paragraph 83 purports to quote, characterize, or summarize the tweet Mr. Nakamura reposted and GMO Trust's press release, the tweet and press release speak for themselves. GMO Trust respectfully refers the Court to the tweet and press release for an accurate and complete record of their contents. To the extent Paragraph 83 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 83.

84. To the extent Paragraph 84 purports to quote, characterize, or summarize the tweet Mr. Nakamura reposted, the tweet speaks for itself. GMO Trust respectfully refers the Court to the tweet for an accurate and complete record of its contents. To the extent Paragraph 84 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 84.

85. To the extent Paragraph 85 purports to quote, characterize, or summarize GMO Trust's LinkedIn post, the post speaks for itself. GMO Trust respectfully refers the Court to the post for an accurate and complete record of its contents. To the extent Paragraph 85 does not

fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 85.

86. The allegations in Paragraph 86 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies the allegations in Paragraph 86.

87. To the extent that Paragraph 87 purports to quote, characterize, or summarize the GYEN White Paper, the GYEN White Paper speaks for itself. GMO Trust respectfully refers the Court to the White Paper for an accurate and complete record of its contents. To the extent that Paragraph 87 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 87.

88. The allegations in Paragraph 88 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent that Paragraph 88 purports to quote, characterize, or summarize the GYEN White Paper, the GYEN White Paper speaks for itself. GMO Trust respectfully refers the Court to the White Paper for an accurate and complete record of its contents. To the extent that Paragraph 88 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 88.

89. To the extent that Paragraph 89 purports to quote, characterize, or summarize the GYEN White Paper, the GYEN White Paper speaks for itself. GMO Trust respectfully refers the Court to the White Paper for an accurate and complete record of its contents. To the extent that Paragraph 89 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 89. GMO Trust otherwise denies that the allegations in Paragraph 89 present a fair and complete description of the matters alleged and therefore denies them on that basis.

90. The allegations in Paragraph 90 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent that Paragraph 90 purports to quote, characterize, or summarize the GYEN White Paper, the GYEN White Paper speaks for itself. GMO Trust respectfully refers the Court to the White Paper for an accurate and complete record of its contents. To the extent that Paragraph 90 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 90.

91. The allegations in Paragraph 91 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent that Paragraph 91 purports to quote, characterize, or summarize the GYEN White Paper and the Quantstamp Final Report, the GYEN White Paper and the Final Report speak for themselves. GMO Trust respectfully refers the Court to the White Paper and the Final Report for an accurate and complete record of their contents. To the extent that Paragraph 91 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 91.

92. To the extent that Paragraph 92 purports to quote, characterize, or summarize the Quantstamp Final Report, the Final Report speaks for itself. GMO Trust respectfully refers the Court to the Final Report for an accurate and complete record of its contents. To the extent that Paragraph 92 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 92.

93. To the extent that Paragraph 93 purports to quote, characterize, or summarize the Quantstamp Final Report or the README document, the Final Report and the README document speak for themselves. GMO Trust respectfully refers the Court to the Final Report and the README document for an accurate and complete record of their contents. To the extent that

Paragraph 93 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 93.

94. To the extent that Paragraph 94 purports to quote, characterize, or summarize the Quantstamp Final Report, the Final Report speaks for itself. GMO Trust respectfully refers the Court to the Final Report for an accurate and complete record of its contents. To the extent that Paragraph 94 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 94.

95. GMO Trust denies the allegations in Paragraph 95.

96. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore denies them on that basis.

97. To the extent Paragraph 97 purports to quote, characterize, or summarize GMO Trust's announcement, the announcement speaks for itself. GMO Trust respectfully refers the Court to the announcement for an accurate and complete record of its contents. To the extent Paragraph 97 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 97. GMO Trust otherwise denies the allegations in Paragraph 97.

98. To the extent Paragraph 98 purports to quote, characterize, or summarize Binance's announcement, the announcement speaks for itself. GMO Trust respectfully refers the Court to the announcement for an accurate and complete record of its contents. To the extent Paragraph 98 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 98.

99. To the extent Paragraph 99 purports to quote, characterize, or summarize Binance's Notice on Trading Suspension, the Notice speaks for itself. GMO Trust respectfully refers the

Court to the Notice for an accurate and complete record of its contents. To the extent Paragraph 99 does not fairly, accurately, or completely characterize the Notice, GMO Trust denies the allegations in Paragraph 99. GMO Trust otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore denies them on that basis.

100. To the extent Paragraph 100 purports to quote, characterize, or summarize Binance's Update on Trading Suspension, the Update speaks for itself. GMO Trust respectfully refers the Court to the Update for an accurate and complete record of its contents. To the extent Paragraph 100 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 100. GMO Trust otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and therefore denies them on that basis.

101. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and therefore denies them on that basis.

102. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore denies them on that basis.

103. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore denies them on that basis.

104. GMO Trust denies the allegations in Paragraph 104.

105. The first sentence of Paragraph 105 employs the ambiguous and undefined term "introduced" to which no response is required. To the extent a response is required, GMO Trust denies the allegations in the first sentence of Paragraph 105. GMO Trust lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in the second and third sentence of Paragraph 105, and therefore denies them on that basis.

106. The first sentence of Paragraph 106 employs the ambiguous and undefined term "fully open" to which no response is required. To the extent a response is required, GMO Trust denies the allegations in the first sentence of Paragraph 106. The second, third, fifth, and sixth sentences of Paragraph 106 employ the ambiguous and undefined term "value" to which no response is required. To the extent a response is required, GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fifth, and sixth sentences of Paragraph 106, and therefore denies them on that basis. The fourth sentence of Paragraph 106 employs the ambiguous and undefined term "broken" to which no response is required. To the extent a response is required, GMO Trust denies the allegations in the fourth sentence of Paragraph 106.

107. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 as to what unspecified purchasers believed or paid, and therefore denies them on that basis.

108. GMO Trust denies that the allegations in the first sentence of Paragraph 108 present a fair and complete description of the matters described and therefore denies the allegations in the first sentence of Paragraph 108. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 108, and therefore denies them on that basis.

109. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and therefore denies them on that basis.

110. To the extent Paragraph 110 purports to quote, characterize, or summarize Coinbase's "alert," the alert speaks for itself. GMO Trust respectfully refers the Court to the alert for an accurate and complete record of its contents. To the extent Paragraph 110 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 110. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the final two sentences of Paragraph 110, and therefore denies them on that basis.

111. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and therefore denies them on that basis.

112. To the extent Paragraph 112 purports to quote, characterize, or summarize Coinbase's "incident post-mortem," the blog speaks for itself. GMO Trust respectfully refers the Court to the blog for an accurate and complete record of its contents. To the extent Paragraph 112 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 112. GMO Trust otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and therefore denies them on that basis.

113. GMO Trust lacks knowledge or information sufficient to form a belief as to the allegation in the first sentence of Paragraph 113. To the extent the remaining sentences in Paragraph 113 purport to quote, characterize, or summarize Coinbase's blog, the blog speaks for itself. GMO Trust respectfully refers the Court to the blog for an accurate and complete record of its contents. To the extent Paragraph 113 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 113. GMO Trust otherwise

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore denies them on that basis.

114. To the extent Paragraph 114 purports to quote, characterize, or summarize statements by GMO Trust personnel, the statements speak for themselves. GMO Trust respectfully refers the Court to the statements for an accurate and complete record of their contents. To the extent Paragraph 114 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 114. GMO Trust otherwise denies the allegations in Paragraph 114.

115. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, fourth and fifth sentences of Paragraph 115, and therefore denies them on that basis. GMO Trust denies the allegations in the third sentence of Paragraph 115.

116. GMO Trust denies the allegations in Paragraph 116.

117. GMO Trust denies the allegations in Paragraph 117.

118. Paragraph 118 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 118.

119. Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph 119, and therefore denies them on that basis.

120. Paragraph 120 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 120.

121. The allegations in parts (i) and (ii) of Paragraph 121 pertain solely to claims that have been dismissed, and as to them no response is necessary. Paragraph 121 otherwise states legal

conclusions to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 121.

122. Paragraph 122 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 122. GMO Trust otherwise denies that it has committed any wrongful conduct or violated any laws.

123. Paragraph 123 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and therefore denies them on that basis.

124. Paragraph 124 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and therefore denies them on that basis.

125. GMO Trust incorporates the answers stated above as though fully set forth in this cause of action.

126. The allegations in Paragraph 126 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust respectfully refers the Court to Section 5(a) of the Securities Act for an accurate and complete record of its contents. To the extent Paragraph 126 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 126.

127. The allegations in Paragraph 127 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust respectfully refers the Court to Section 5(c) of the Securities Act for an accurate and complete record of its contents. To the extent Paragraph 127 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 127.

128. The allegations in Paragraph 128 pertain solely to claims that have been dismissed, and as to them no response is necessary. Further, Paragraph 128 states legal conclusions to which no response is required. To the extent that a response is necessary, GMO Trust denies the allegations in Paragraph 128.

129. The allegations in Paragraph 129 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies the allegations in the first and second sentences of Paragraph 129. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 129, and therefore denies them on that basis.

130. The allegations in Paragraph 130 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies the allegations in Paragraph 130.

131. The allegations in Paragraph 131 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust denies the allegations in Paragraph 131.

132. The allegations in Paragraph 132 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, GMO Trust respectfully refers the Court to Section 12(a)(1) of the Securities Act for an accurate and complete record of its contents. To the extent Paragraph 132 does not fairly, accurately, or completely characterize the Securities Act, GMO Trust denies the allegations in Paragraph 132.

133. The allegations in Paragraph 133 pertain solely to claims that have been dismissed, and as to them no response is necessary. To the extent a response is necessary, Paragraph 133

states legal conclusions to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 133.

134. GMO Trust incorporates the answers stated above as though fully set forth in this cause of action.

135. Paragraph 135 states legal conclusions to which no response is required. To the extent a response is necessary, GMO Trust respectfully refers the Court to N.Y. Gen. Bus. § 349(g) for an accurate and complete record of its contents. To the extent Paragraph 135 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 135. GMO Trust otherwise denies the allegations in Paragraph 135.

136. Paragraph 136 states legal conclusions to which no response is required. To the extent a response is necessary, GMO Trust respectfully refers the Court to N.Y. Gen. Bus. § 349(b) for an accurate and complete record of its contents. To the extent Paragraph 136 does not fairly, accurately, or completely characterize the cited statements, GMO Trust denies the allegations in Paragraph 136. GMO Trust otherwise denies the allegations in Paragraph 136.

137. GMO Trust denies the allegations in Paragraph 137.

138. GMO Trust denies the allegations in Paragraph 138.

139. Paragraph 139 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 139.

140. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, and therefore denies them on that basis.

141. GMO Trust denies the allegations in Paragraph 141.

142. GMO Trust denies the allegations in the first sentence of Paragraph 142. The remaining allegations in Paragraph 142 state legal conclusions to which no response is required.

To the extent a response is required, GMO Trust denies the remaining allegations in Paragraph 142.

143. GMO Trust denies the allegations in Paragraph 143.

144. GMO Trust denies the allegations in Paragraph 144.

145. GMO Trust denies the allegations in Paragraph 145.

146. GMO Trust incorporates the answers stated above as though fully set forth in this cause of action.

147. GMO Trust denies the allegations in Paragraph 147.

148. GMO Trust denies the allegations in Paragraph 148.

149. GMO Trust denies the allegations in Paragraph 149.

150. GMO Trust denies the allegations in Paragraph 150.

151. GMO Trust denies the allegations in Paragraph 151.

152. GMO Trust denies the allegations in Paragraph 152.

153. GMO Trust incorporates the answers stated above as though fully set forth in this cause of action.

154. Paragraph 154 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust respectfully refers the Court to California Business and Professions Code section 17201 for an accurate and complete record of its contents. To the extent Paragraph 154 does not fairly, accurately, or completely characterize the cited provision, GMO Trust denies the allegations in Paragraph 154. GMO Trust otherwise denies the allegations in Paragraph 154.

155. GMO Trust denies the allegations in Paragraph 155.

156. GMO Trust denies the allegations in Paragraph 156.

157. GMO Trust denies the allegations in Paragraph 157.

158. GMO Trust denies the allegations in Paragraph 158.

159. GMO Trust denies the allegations in the first sentence of Paragraph 159. GMO Trust lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 159 and therefore denies them on that basis.

160. GMO Trust denies the allegations in Paragraph 160.

161. GMO Trust denies that the allegations in the first sentence of Paragraph 161 present a complete and accurate description of the matters described and therefore denies the allegations on that basis. GMO Trust lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 161 and therefore denies them on that basis.

162. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, and therefore denies them on that basis.

163. Paragraph 163 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 163.

164. GMO Trust incorporates the answers stated above as though fully set forth in this cause of action.

165. GMO Trust denies the allegations in Paragraph 165.

166. Paragraph 166 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust respectfully refers the Court to the FAL for an accurate and complete record of its contents. To the extent Paragraph 166 does not fairly, accurately, or completely characterize the FAL, GMO Trust denies the allegations in Paragraph 166.

167. Paragraph 167 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust respectfully refers the Court to the FAL for an accurate

and complete record of its contents. To the extent Paragraph 167 does not fairly, accurately, or completely characterize the FAL, GMO Trust denies the allegations in Paragraph 167.

168. GMO Trust denies the allegations in Paragraph 168.

169. GMO Trust denies the allegations in Paragraph 169.

170. GMO Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, and therefore denies them on that basis.

171. GMO Trust denies the allegations in Paragraph 171.

172. GMO Trust denies the allegations in Paragraph 172.

173. Paragraph 173 states legal conclusions to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 173.

174. Paragraph 174 consists of a prayer for relief to which no response is required. To the extent a response is required, GMO Trust denies the allegations in Paragraph 174 and denies that any relief should be granted.

175. GMO Trust states that no response is required to Plaintiffs' demand for a trial by jury.

## AFFIRMATIVE DEFENSES

GMO Trust asserts the following separate and additional defenses, all of which are pleaded in the alternative, and reserves all rights to assert other and additional defenses, cross claims, and third party claims not asserted herein of which it becomes aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, GMO Trust does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places such burden upon Plaintiffs.

**FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiff and the putative class lack standing to assert their claims and/or because Plaintiff has not asserted or sustained a legally cognizable injury.

**SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' and putative class members' alleged injuries and damages were not legally or proximately caused by any acts or omissions of GMO Trust and/or were caused, if at all, by the conduct of Plaintiffs, putative class members, and/or third parties. GMO Trust accurately stated that GYEN was intended to be anchored 1:1 with the JPY. The prices that Plaintiffs allege they paid for the GYEN at the time of purchase and the exchange rate between the JPY and the dollar were readily available public information. Plaintiffs cannot show that any alleged misrepresentation by GMO Trust caused them to overpay for the GYEN. *See*, *e,g.*, *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 311 (S.D.N.Y. 2017) (causation element not met for N.Y. GBL §§ 349 and 350 claims where plaintiff could have learned the truth for himself but instead ignored evidence plainly before him); *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1135–36 (S.D. Cal. 2021) (misrepresentation must be immediate cause of injury to sustain California false advertising or unfair competition claim).

**THIRD DEFENSE**

Without admitting that any act of GMO Trust caused damages to Plaintiffs or any other person, GMO Trust asserts that any recovery by Plaintiffs or putative class members must be diminished or barred by reason of Plaintiffs' or putative class members' failure to mitigate or attempt to mitigate any alleged damages.

**FOURTH DEFENSE**

The claims of Plaintiffs and the putative class are barred, in whole or in part, by the doctrines of unclean hands, estoppel, in pari delicto, and/or waiver. While Plaintiffs allege that they would not have purchased GYEN or would not have purchased GYEN at the price they did if they had known it was not pegged 1:1 to the JPY, their actions tell a different story. Instead, their actions represent a "daredevil" attempt to "amass [a] fortune[] over night," SAC ¶ 38, by betting the fluctuations would continue. Indeed, Plaintiff Donovan bought 115,546 GYEN at a price of $0.728, and took advantage of the displacement and made a quick profit when the GYEN-USD exchange rate continued to increase, selling 34,886 GYEN at a price of $0.847. ECF No. 46-1. Thus, because Plaintiffs attempted to profit off of the displacement, Plaintiffs cannot now attempt to recover from GMO Trust under the doctrines of unclean hands, estoppel, in pari delicto, and/or waiver.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely on any purported representations made by Defendant. Plaintiffs' state law claims require them to show that they actually *saw* and relied upon the allegedly misleading statements. *Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 765 (C.D. Cal. 2022); *Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226 (S.D.N.Y. 2020). As a threshold matter, many of Plaintiffs' alleged "misrepresentations" occurred *after* the alleged injuries to Plaintiffs in May and November 2021 and thus could not have misled Plaintiffs. Moreover, Plaintiffs do not adequately allege that they actually saw or relied on any of the purported misrepresentations.

**SIXTH DEFENSE**

The putative class claims for punitive damages violates GMO Trust's right to due process under the constitution of the United States.

**SEVENTH DEFENSE**

Plaintiffs' claims and/or the claims of any individual Plaintiffs they seek to represent are barred to the extent that they seek injunctive, declaratory, and/or other equitable relief, because Plaintiffs and putative class members have an adequate remedy at law and have suffered no irreparable harm due to any alleged conduct of GMO Trust.

**EIGHTH DEFENSE**

Plaintiffs' claims, and the claims of the putative class members they purport to represent, should be dismissed, in whole or in part, because the damages sought may result in the unjust enrichment of the Plaintiffs and putative class members. A reasonable consumer acting reasonably under the circumstances alleged in the SAC would have realized that the GYEN was trading above the value at which it was redeemable at the time of the purchase. Plaintiffs' actions represent either willful blindness of facts that were plainly available to them or a "daredevil" attempt to "amass [a] fortune[] over night," SAC ¶ 38, by betting the fluctuations would continue. Either way, forcing GMO Trust to compensate Plaintiffs for their alleged loss under these circumstances would unjustly enrich them.

**NINTH DEFENSE**

Plaintiffs' claims are barred because no conduct attributable to GMO Trust was the direct, actual, proximate, or but-for cause of any damage, loss, or injury allegedly sustained by Plaintiffs. Plaintiffs allege that they purchased GYEN on Coinbase or Binance from sellers other than GMO Trust. GMO Trust's statements about GYEN's potential use cases, that the GYEN was intended

to be pegged 1-to-1 with fiat currency, and that each GYEN is always redeemable for 1 JPY are true, and Plaintiffs cannot plead otherwise. A reasonable consumer would not understand GMO Trust to have promised that no third party would ever *sell* GYEN for more than the price of 1 JPY, and their alleged injuries are thus not attributable to any action on the part of GMO Trust.

**TENTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs' alleged damages, if any, are speculative and uncertain and because of the impossibility of ascertaining and allocating those alleged damages.

**ELEVENTH DEFENSE**

This action cannot be maintained as a class action as a matter of law or fact, including because Plaintiffs cannot satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23.

**TWELFTH DEFENSE**

Plaintiffs' claims against GMO Trust are barred, in whole or in part, to the extent Plaintiffs impermissibly seek to recover damages on behalf of putative class members whose claims do not raise the same set of concerns as Plaintiffs' claims.

**THIRTEENTH DEFENSE**

Plaintiffs' claims against GMO Trust are barred, in whole or in part, to the extent Plaintiffs impermissibly seek to recover damages on behalf of putative class members who suffered no harm.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred because the injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening or superseding causes unrelated to the alleged conduct of GMO Trust, by the conduct of third parties for whom GMO Trust was not responsible, through forces in the marketplace over which GMO Trust has no control, or through

acts or omissions by one or more of the Plaintiffs. Plaintiffs allege that they purchased their GYEN from third parties on Binance and Coinbase, which are secondary market trading platforms. That is, Plaintiffs do not allege that they purchased their GYEN from GMO Trust. GMO Trust does not have control over private transactions conducted by third parties, including transfers that occur on exchanges. Therefore, to the extent that Plaintiffs suffered injuries, their injuries are attributable to third parties over which GMO Trust has no control.

**FIFTEENTH DEFENSE**

Plaintiffs' claims under New York General Business law sections 349 and 350 are barred because the SAC has insufficiently alleged that GMO Trust acted with the requisite knowledge, intent, or scienter.

**SIXTEENTH DEFENSE**

Plaintiffs' claims, and claims of any putative class members, are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

**SEVENTEENTH DEFENSE**

Without admitting any violation of law, GMO Trust asserts that, should it be held liable to Plaintiffs, which liability is specifically denied, GMO Trust would be entitled to contribution and/or indemnity from other parties, entities, or individuals. Specifically, because Plaintiffs allege that the GYEN price fluctuations occurred on Coinbase and Binance's platforms, GMO Trust may be entitled to contribution and/or indemnity from Coinbase and Binance.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent any damages recovered by Plaintiffs must be reduced to account for the comparative fault or negligence attributable to the Plaintiffs or other parties. Plaintiffs allege that they would not have purchased GYEN or would

not have purchased GYEN at the price they did if they had known it was not pegged 1:1 to the JPY. But this information was obvious at the time of their purchase. Thus, because their own negligence contributed to their alleged losses, any award should be reduced to account for this negligence.

**NINETEENTH DEFENSE**

GMO Trust accurately stated that GYEN was intended to be anchored 1:1 with the JPY. The prices that Plaintiffs allege they paid for the GYEN at the time of purchase and the exchange rate between the JPY and the dollar were readily available public information. Plaintiffs cannot show that any alleged misrepresentation by GMO Trust caused them to overpay for the GYEN. Therefore, GMO Trust's conduct was not "materially misleading" for purposes of New York General Business Law sections 349 and 350. *Med. Depot, Inc. v. Med Way US, Inc.*, 2025 WL 948334, at *15 (E.D.N.Y. Mar. 28, 2025).

**TWENTIETH DEFENSE**

Plaintiffs do not adequately allege that their transactions with GMO Trust have a sufficient nexus between GMO Trust and New York. Therefore, their claims are barred because their transactions do not "fall within the territorial reach" of the New York General Business Law. *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 99 (2d Cir. 2023).

**TWENTY-FIRST DEFENSE**

Any recovery on Plaintiffs' claims may be barred by GMO Trust's substantial compliance with all appliable laws under Plaintiffs' claims of violation of the Business & Professions Code. Specifically, GMO Trust did not make any material misrepresentations or omissions in connection with the sale of the GYEN. Therefore, GMO Trust's business practices were not unfair, unlawful, or fraudulent under California Business & Professions Code sections 17200 and 17500.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims against GMO Trust and the allegations upon which they are based are improperly vague, ambiguous, and confusing. *See, e.g.*, SAC ¶¶ 5, 23, 40, 42, 45, 105, 106. GMO Trust reserves the right to request a more definite statement.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because of their failure to join necessary or indispensable parties, as required for a proper adjudication of this action.

**TWENTY-FOURTH DEFENSE**

With respect to absent putative class members, GMO Trust reserves all affirmative defenses. It is not necessary at this time for GMO Trust to delineate such defenses because no class has been certified and the putative class members are not parties to the litigation. GMO Trust reserves its right to assert counterclaims as may be appropriate.

**TWENTY-FIFTH DEFENSE**

GMO Trust hereby gives notice that it intends to rely upon any other defense that may become available or appear during the course of the litigation and hereby reserves the right to amend its Answer and to assert any additional defenses, counterclaims, and third party claims as they become known or available

Dated: May 9, 2025

Respectfully submitted,

*/s/ Nowell D. Bamberger*

Heather S. Nyong'o (admitted *pro hac vice*)
(hnyongo@cgsh.com)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California Street Suite 2400
San Francisco, CA 94108
T: 415-796-4480

Nowell D. Bamberger (admitted *pro hac vice*)
(nbamberger@cgsh.com)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, D.C. 20037
T: 202-974-1752

Samuel Levander
(slevander@cgsh.com)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2951

*Attorneys for Defendant GMO-Z.com Trust Company, Inc.*