USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/30/2025__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KENNETH DONOVAN, HUSSIEN KASSFY, and JOHN BRAMBL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GMO-Z.COM TRUST COMPANY, INC.<br><br>Defendant. | Case No. 1:23-cv-08431-AT<br><br>Hon. Analisa Torres |

## STIPULATED PROTECTIVE ORDER

Plaintiffs Kenneth Donovan, Hussien Kassfy, and John Brambl and Defendant GMO-Z.com Trust Company, Inc. (each of the foregoing, a "Party" and, collectively, the "Parties") are engaged in discovery proceedings in the above-captioned action (the "Action"), which may include, among other things documents, deposition testimony, answers to interrogatories, responses to requests for admission, subpoena responses or productions of information from non-parties to this Action, and any other information produced, disclosed, given, or exchanged by and among the Parties (collectively, "Discovery Material") in the course of this Action that a Party or non-party deems to be "Confidential" pursuant to the terms of this Stipulated Protective Order (the "Order").  The Parties, by and through their respective counsel, having jointly stipulated to the terms of the within Protective Order; and the Court having been advised of and having considered same; and for good cause shown, it is hereby:

ORDERED that any person subject to this Order—including without limitation the Parties, their representatives, agents, experts and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

1

**A.    Scope**

1.    This Protective Order shall govern the production and exchange of all Discovery Material produced, disclosed, given, or exchanged by and among the Parties and/or third parties (collectively, "Producing Parties" or "Designating Parties") to another Party or Parties ("Receiving Parties") in the course of this Action and designated as "Confidential" pursuant to the terms of this Order.  A Receiving Party shall not disclose any such "Confidential" Discovery Material to anyone except as expressly permitted hereunder.  This Order is also subject to this Court's Individual Practices, the Local Rules of the Southern District of New York (the "Local Rules"), and the Federal Rules of Civil Procedure (the "Rules") on matters of procedure and calculation of time periods.

**B.    Confidential Discovery Material**

2.    The following categories of information may be designated as "Confidential," provided that such information was maintained as confidential by the Designating Party and the Designating Party has a legitimate interest in maintaining its confidentiality: (1) information that reveals trade secrets; (2) proprietary and/or competitive business information; (3) non-public research, technical, commercial, or financial information that the Designating Party has maintained as confidential; (4) personally identifiable information; (5) personnel or employment records; (6) specific information protected from disclosure by statute; or (7) specific information that would violate the Designating Party's privacy or confidentiality obligations to others.  A Designating Party may designate any Discovery Material as "Highly Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that disclosure of such Discovery Material, other than as permitted pursuant to this Order, will create a likelihood of harm to the business, financial, personal, competitive, or commercial interests of the Designating Party and/or

is substantially likely to cause injury to the Designating Party ("Highly Confidential Discovery Material"). Confidential Discovery Material and Highly Confidential Discovery Material (collectively, "Confidential Material") shall not include information or documents that are available to the public.

      **C.**     **Designation of Confidential Discovery Material**

      3.     A Producing Party may designate as "Confidential" only such information, documents, or things or portions thereof that it reasonably and in good faith believes constitute or contain information that falls within the categories set forth in Paragraph 2 ("Confidential Information"). A Party may designate a document as Confidential Information for protection under this Order by placing or affixing the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on all copies thereof in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

4. Deposition testimony may be designated as "Confidential" or "Highly Confidential" either on the record during the deposition or in writing within fourteen (14) days after receipt of the final transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the reporter. All depositions will be deemed to be "Confidential" until the expiration of the fourteenth day after counsel receives a copy of the final transcript thereof, after which time such deposition transcript will be treated in accordance with its confidentiality designation, if any.

5. The designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be applied to, and the restrictions set forth in this Order shall not apply to, any information or document that: (i) is already public knowledge or otherwise in the public domain at the time of disclosure; (ii) has become public knowledge or enters the public domain other than as a result of disclosure by any persons other than Receiving Parties or their agents or employees; (iii) has come or shall come into a Receiving Party's legitimate possession independently of the party or person seeking to designate information or documents as confidential in this Action; or (iv) was independently developed by a Receiving Party.

6. If at any time prior to the trial of this Action, a Producing Party realizes that some portion[s] of Discovery Material (other than deposition testimony governed by Paragraph 4) that that Party previously and inadvertently produced without a confidentiality designation should be designated as "Confidential," the Party may designate the Discovery Material by apprising all Parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the Discovery Material to each Party reflecting

4

the change in designation.  In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as "Confidential" in a manner not permitted by the provisions of this Order made applicable by virtue of the re-designation shall exercise its best efforts to ensure: (i) the return and destruction of such re-designated Discovery material by any person not authorized to receive it under the terms of this Order; (ii) that any documents or other materials derived from such re-designated Discovery Material are treated in accordance with the applicable restrictions for Confidential Discovery Material pursuant to this Order; (iii) that such re-designated Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) that any such re-designated Discovery Material, and an information derived therefrom, is used solely for the purposes described in this Order.  No Party shall be found to have violated this Order for failing to maintain the confidentiality of any inadvertently undesignated Discovery Material during the time when that material was not designated as "Confidential" or "Highly Confidential" by the Producing Party.

       **D**.     **Access to and Use of Confidential Material**

       7.     No person subject to this Order, other than the Producing Party, shall disclose or permit the disclosure of any of the Discovery Material designated by the Producing Party as "Confidential" to any other person, except:

    a. The Parties to this Action, including any parents, subsidiaries, affiliate entities, predecessors, successors, or assignees;

    b. Counsel for the Parties who were retained specifically for this Action, including any paralegals, clerical staff, and/or other assistants employed by such counsel and assigned to this matter;

    c. In House Counsel for the Parties;

    d. Contractors engaged by counsel for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    e. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    f. Any witness called to testify at a deposition or trial (or who counsel for a Party in good faith believes may be called to testify at a deposition or trial) in this Action who does not fall within the preceding paragraph 7.e;

    g. Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed the "Agreement to be Bound by Protective Order" in the form annexed as Exhibit A hereto;

    h. Any mediator or settlement facilitator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the "Agreement to be Bound by Protective Order" in the form annexed as Exhibit A hereto;

    i. Stenographers and recorders engaged for depositions conducted in this Action; and

    j. The Court and its personnel.

8. No person subject to this Order, other than the Producing Party, shall disclose or permit the disclosure of any of the Discovery Material designated by the Producing Party as "Highly Confidential" to any other person, except:

a. Counsel for the Parties who were retained specifically for this Action, including any paralegals, clerical staff, and/or other assistants employed by such counsel and assigned to this matter;

b. In House Counsel for the Parties;

c. Contractors engaged by counsel for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

d. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

e. Any witness called to testify at a deposition or trial (or who counsel for a Party in good faith believes may be called to testify at a deposition or trial) in this Action who does not fall within the preceding paragraph 8.d;

f. Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed the "Agreement to be Bound by Protective Order" in the form annexed as Exhibit A hereto;

g. Any mediator or settlement facilitator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the "Agreement to be Bound by Protective Order" in the form annexed as Exhibit A hereto;

h. Stenographers and recorders engaged for depositions conducted in this Action; and

i. The Court and its personnel.

9. Counsel for a Party that obtains a signed "Agreement to be Bound by Protective Order," as required in Paragraph 8 above, shall be responsible for assuring compliance with the

terms of this Order with respect to the person to whom Confidential Discovery Material is disclosed. Such Counsel shall retain copies of signed any "Agreement to be Bound by Protective Order" for six (6) months following the final termination of this Action, including any appeals, and shall make the copies available to other Parties or the Court upon good cause shown.

      10.     Each person who has access to Discovery Material that has been designated as "Confidential" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

      **E.**     **Filing Confidential Material**

      11.     When a Party seeking leave to file sealed or redacted materials is not the Designating Party, the filing party may rely on the Designating Party's designation of Discovery Material as Confidential and need not independently verify or take a position on the Designating Party's designation(s); a Party's filing under seal is without prejudice to the Party's right to challenge the Designating Party's Confidentiality designation.

      **F.**     **Challenging Confidentiality Designations**

      12.     The designation of any Discovery Material as Confidential is subject to challenge by any Party or non-party with standing to object. Any Party who either objects to any designation of confidentiality may at any time prior to the trial of this Action serve upon counsel for the Designating Party (and if the Designating Party is not a Party to this Action, the opposing Party) a written notice stating with particularity the grounds of the objection or request, and thereafter must, upon notice to counsel for all Parties, meet and confer with counsel for the Designating Parties. Counsel for other Parties may, but are not required to, attend such conferences. If agreement cannot be reached promptly, counsel for the Party objecting to the confidentiality designation may

seek a ruling from the Court regarding the designation in the manner proscribed by Local Civil Rule 37.2, as modified by Section II.D of this Court's Individual Practices in Civil Cases.

### G. Use of Designated Material at Public Hearings and Trial

13. With respect to pretrial hearings, the Parties' counsel shall meet and confer concerning the use of any Confidential Material at such hearings not fewer than five (5) days prior to any such hearing or trial. Where a hearing is scheduled on less than five (5) days' notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing.

14. A Party's seeking leave to file under seal, or any related agreement with a Designating Party's proposed redactions to Discovery Material for the purpose of filing redacted versions of documents or briefs pursuant to Paragraph 11 herein shall not constitute a waiver of any rights concerning the use or treatment of any such Discovery Material at any hearing or trial or concession that the Discovery Material should be maintained as "Confidential."

### H. Receipt of a Subpoena or Other Compulsory Legal Process

15. If any Receiving Party becomes legally compelled to disclose any Confidential Discovery Material of another Party, whether by subpoena, judicial or administrative order, applicable law, rule or regulation, or otherwise, that Receiving Party shall use reasonable efforts to provide the other Parties with prior notice thereof, unless precluded by applicable law or rules. Such prior notice, if permitted by time or allowed under the request, should be at least ten (10) days prior to any disclosure. Any Producing Party wishing to protect its Confidential Discovery Material or prevent such disclosure shall bear the burden of doing so.

### I. Non-Waiver of Confidentiality or Privilege

16. In the event of a disclosure by a Receiving Party of Confidential Discovery Material to persons or entities not authorized by this Order to receive such Confidential Discovery Material,

the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately: (i) notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Discovery Material subject to this Order; (ii) make reasonable efforts to recover the disclosed Confidential Discovery Material and all copies thereof, as well as preclude further dissemination by the person or entity to whom the disclosure was made; and (iii) notify the Designating Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Discovery Material and ensure against further dissemination or use thereof. Disclosure of Confidential Discovery Material other than in accordance with the terms of this Order by a Receiving Party may subject that Receiving Party to such sanctions and remedies as the Court may deem appropriate.

17. If, in connection with this Action, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection in this Action with respect to the Inadvertently Disclosed Information, either as to the specific material or information disclosed or as to any other material or information relating thereto on the same or related subject matter.

18. Consistent with Federal Rule of Evidence 502 and Rule 26(b)(5)(B), if a Party or non-party notifies any Receiving Party that Discovery Material was produced that is protected from disclosure under the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or immunity ("Privileged Material"), the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any other material or information relating thereto or on the same

or related subject matter.  Upon notification, the Receiving Party shall (i) within five (5) days, return or destroy all copies of the Privileged Material; (ii) provide a certification of counsel that all such information has been returned or destroyed; (iii) take reasonable steps to retrieve documents if the Receiving Party disclosed them to any person or entity before being notified of the privilege claim, and provide written notification to the Party or non-party that produced such Privileged Material as to whether it was successfully retrieved; and (iv) not use the Privileged Material for any purpose absent further order of the Court, unless the Receiving Party provides notice that it seeks to dispute that the information is privileged or otherwise protected (a "Challenge Notice") as set forth below.  Until the dispute is resolved or ruled upon, the Receiving Party may retain a copy of the disputed Discovery Material and shall undertake to keep such information restricted solely for use in connection with the dispute over the privilege or protection.

19. If a Receiving Party provides a timely Challenge Notice to the Producing Party, the Receiving Party may move the Court for an Order compelling production of the Privileged Material.  The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.  For the avoidance of doubt, nothing in this Paragraph shall be construed as restricting the right of a Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure or other applicable law.

20. The disclosing party retains the burden of establishing the privileged or protected nature of any Privileged Material.  Nothing in this Order shall limit the right of any party to request an *in camera* review of the Privileged Material.

### J.   Attorney Rendering Advice

21.   Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Confidential Discovery Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

### K.   Application to Non-Parties

22.   Any Party, in conducting discovery from Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks Discovery Material with a copy of this Order so as to inform each such Non-Party of his, her or its rights herein.  If a Non-Party provides Discovery Material to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such Discovery Material were being provided by a Party.  In such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to this Action.

### L.   Modification

23.   This Stipulation and Order may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

### M.   Further Application for Protective Relief

24.   Nothing in this Stipulated Protective Order precludes any Party, or any non-party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need arises during this Action.

**N.     No Admission**

25.     Nothing in this Order operates to create an admission by any Party that any Discovery Material is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of Discovery Material, in accordance with applicable law, including the Rules and Local Rules.

**O.     Termination**

26.     This Protective Order shall survive the termination of this Action. All provisions of this Order restricting the use of "Confidential" information shall continue to be binding unless otherwise agreed or ordered by the Court. Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party or as required by local data protection laws, within sixty (60) days of the final disposition of this Action, including any appeals, each Receiving Party shall return to the Producing Party, or, at the option of the Receiving Party, shall destroy all Discovery Material designated as "Confidential" and all copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.. In either case, the Receiving Party shall, upon request, provide the Designating Party with a certification stating that it has destroyed or returned the Confidential documents, except for (i) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule, or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule, or regulation, (ii) information saved on backup media in an electronically stored format, or (iii) information incorporated into any pleadings, motions, other Court filings, or work product. In that case, counsel of record shall continue to treat the Confidential Discovery Material in accordance with this Order.

27. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose any sanctions for any contempt thereof until the end of this Action.

Agreed to and submitted by:

/s/ *Norwell D. Bamberger*
Nowell D. Bamberger
nbamberger@cgsh.com
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037

Samuel Levander
slevander@cgsh.com
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006

Heather S. Nyong'o
hnyongo@cgsh.com
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
650 California Street, Suite 2400
San Francisco, CA 94108

*Attorneys for Defendant GMO-Z.com Trust Company, Inc.*

/s/ *Steven J. Buttacavoli*
Steven J. Buttacavoli (*pro hac vice*)
BERMAN TABACCO
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Email: sbuttacavoli@bermantabacco.com

Daniel E. Barenbaum (*pro hac vice*)
BERMAN TABACCO
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: dbarenbaum@bermantabacco.com

Julie C. Erickson (*pro hac vice*)
Elizabeth A. Kramer (*pro hac vice*)
Kevin M. Osborne (*pro hac vice*)
44 Tehama Street
San Francisco, CA 94105
Telephone: 415-635-0631
Fax: 415-599-8088
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for Plaintiffs*

The parties' stipulated agreement is SO ORDERED. Nothing in this order shall be construed to supersede or contradict the rules governing sealed filings, including Rule IV.A of the undersigned's Individual Practices in Civil Cases, this Court's Local Rules, and the Electronic Case Filing Rules and Instructions. The parties shall meet and confer in an effort to minimize any redaction or sealing request prior to submitting such request to the Court.

Dated: June 30, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH DONOVAN, HUSSIEN KASSFY, and JOHN BRAMBL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GMO-Z.COM TRUST COMPANY, INC.<br><br>Defendant. | Case No. 1:23-cv-08431-AT<br><br>Hon. Analisa Torres |

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I hereby acknowledge that I have read the Protective Order entered by the Court in the above-captioned action, understand the terms of the Protective Order, and agree to be bound by such terms and submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

I will hold in confidence and not disclose to anyone not authorized under the Protective Order any Confidential Discovery Material disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Confidential Discovery Material disclosed to me for any purpose not authorized under the Protective Order.

At the conclusion of this case, I will return or destroy all Confidential Discovery Material which came into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided such Confidential Discovery Material to me, or certify to counsel that I have destroyed all Confidential Discovery Material.

DATED:_____   _____
                                    Signature

                                    _____
                                    Printed Name

16