**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KENNETH DONOVAN, HUSSIEN KASSFY, and JOHN BRAMBL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GMO-Z.COM TRUST COMPANY, INC.,<br><br>Defendant. | Case No. 1:23-CV-08431 (SDA) |

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR CLASS NOTICE**

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, a class action entitled *Donovan v. GMO-Z.com Trust Company, Inc.*, No. 23-CV-08431 (S.D.N.Y.), is pending in this Court (the "Action"); and

WHEREAS, Plaintiffs Kenneth Donovan and Hussien Kassfy ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and Defendant GMO-Z.com Trust Company, Inc. ("GMO Trust" or "Defendant"), have determined to settle all claims asserted against Defendant in this Action and dismiss this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 30, 2025 (the "Stipulation"), subject to approval of this Court (the "Settlement"); and

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the proposed Settlement Class and allowing for notice to Settlement Class Members (Pls.' 12/30/25 Mot., ECF No. 159); and

WHEREAS, Defendant does not oppose Plaintiffs' motion (Def.'s 1/5/26 Ltr., ECF No. 164); and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the meanings as they have in the Stipulation; and

WHEREAS, the Court having reviewed and considered the Stipulation and all papers filed in connection with the Settlement herein, and the record in the Action, and good cause appearing therefore.

NOW, THEREFORE, it is hereby ORDERED that Plaintiffs' motion is GRANTED, as follows:

1. **Class Certification for Settlement Purposes**: Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court provisionally certifies, solely for the purpose of effectuating the proposed Settlement, a Settlement Class consisting of all persons who purchased or acquired GYEN in New York or California at a time when the GYEN was unpegged from the Japanese yen between December 29, 2020 and October 10, 2025, inclusive, and lost money thereby. Excluded from the Settlement Class are: (i) Defendant; (ii) any person who was an officer, director or controlling person of GMO Trust or any of Defendant's Releasees; (iii) any parents, subsidiaries or affiliates of GMO Trust; (iv) any GYEN market makers or GYEN liquidity providers; (v) any person who was an officer, director or controlling person of any GYEN market makers or GYEN liquidity providers; (vi) any parents, subsidiaries or affiliates of any GYEN market makers or GYEN liquidity providers; (vii) any exchange on which GYEN was or is sold; (viii) any person who was an officer, director or controlling person of any exchange on which GYEN was or is sold; (ix) any parents, subsidiaries or affiliates of any exchange on which GYEN was or is sold; (x) any entity in which any such excluded party has, or had, a direct or indirect majority ownership interest; (xi) Defendant's directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (xii) the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons. Any Person that timely and validly requests exclusion from the Settlement Class pursuant to and in accordance with the terms set forth herein is also excluded from the Settlement Class.

2. **Class Findings**: Solely for the purpose of the proposed Settlement, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure has been met in that: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Plaintiffs' Counsel have, and will, fairly and adequately represent and protect the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Kenneth Donovan and Hussien Kassfy are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Erickson Kramer Osborne LLP and Berman Tabacco as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement**: The Court preliminarily finds that the Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the fairness hearing described below.

5. **Final Approval Hearing**: The Court will hold a hearing (the "Final Approval Hearing") on May 5, 2026, at 2:00 p.m., in Courtroom 11C of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable

and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit 4 to the Stipulation should be entered dismissing the Action with prejudice against Defendant; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; (e) to determine whether the application by Plaintiffs' Counsel for a service award to be given to Plaintiffs and Non-Settling Plaintiff John Brambl should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may change the date and time of the Final Approval Hearing without further notice to the Settlement Class, except that any change to the time and date shall be updated on the Settlement Website. The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. Retention of Claims Administrator and Manner of Giving Notice: Plaintiffs' Counsel is hereby authorized to retain Simpluris, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Plaintiffs' Counsel as follows:

(a) Within ten (10) days of the date of entry of this Order, GMO Trust shall provide to the Claims Administrator in electronic searchable form, such as Excel (at no cost to the Settlement Fund, Plaintiffs' Counsel or the Claims Administrator) reasonably available records containing persons who purchased or otherwise acquired GYEN in New York or California during the Settlement Class Period from GMO Trust;

(b) Within five (5) days of the date of entry of this Order, all third-party exchanges with whom Plaintiffs' Counsel have negotiated to produce data, shall provide to the Claims Administrator in electronic searchable form, such as Excel (at no cost to the Settlement Fund, Plaintiffs' Counsel or the Claims Administrator) reasonably available records containing the contact information and transactional data of persons who purchased or otherwise acquired GYEN in New York or California during the Settlement Class Period on that third-party exchange;

(c) Within thirty (30) days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause notice, substantially in the form as annexed to the Stipulation, to be sent to potential Settlement Class Members via email (if an email address is available), or if an email address is undeliverable, by U.S. mail (if a physical address is available);

(d) Also on the Notice Date, the Claims Administrator shall post downloadable copies of the Stipulation, the Notice and the Claim Form on the Settlement Website;

(e) Not later than ten (10) days after the Notice Date, the Claims Administrator will have substantially completed the supplemental notice efforts targeted to reach potential Settlement Class Members for whom contact information is not reasonably available; and

(f) Not later than seven (7) calendar days prior to the Final Approval Hearing, Plaintiffs' Counsel shall file with the Court a declaration from the Claims Administrator describing the completed notice program and its efficacy.

8. **Approval of Form and Content of Notice**: The Court approves, as to form and content, the Notice annexed to the Stipulation, which may undergo minor modification based on the methods of notice the Claims Administrator deems effective (*e.g.*, email, postcard, digital advertisement, publication). The Court finds that the notice program generally described herein, and detailed in the declaration submitted by a representative of Claims Administrator Simpluris, Inc.: (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder and the Plan of Allocation), of Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, of their right to exclude themselves from the Settlement Class, and of the date, time and location of the Final Approval Hearing and their right to attend; (c) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause) and all other applicable law and rules.

9. **Participation in the Settlement**: Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than 120 calendar days after the Notice Date. By submitting a Claim, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

10. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of GYEN purchase or acquisition records, or such other documentation as is deemed adequate by Plaintiffs' Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Plaintiffs' Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, instituting, prosecuting or continuing to prosecute any of the Released Plaintiffs' Claims against each and all of the Defendant and Defendant's Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

12. **Exclusion from the Settlement Class**: Any member of the Settlement Class who wishes to exclude themself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than 114 (one hundred fourteen) days after entry of this Order, by the Claims Administrator at GYEN Class Action Settlement, P.O. Box 25229, Santa Ana, California 92799, and (b) each request for exclusion must (i) state the name, address and telephone number of the person requesting exclusion; (ii) state that such person "requests exclusion from the Settlement Class in *Donovan v. GMO-Z.com Trust Company, Inc.*, No. 23-CV-08431 (S.D.N.Y.)"; (iii) state the quantity of GYEN that the person requesting exclusion purchased or acquired during the Settlement Class Period, as well as the dates and prices of each such purchase or acquisition; and (iv) be signed by the person requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

13. Any person who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class, shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

14. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived their right to be excluded from the Settlement Class; (b) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, any Judgment entered in this Action and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (c) will be barred from commencing, instituting,

prosecuting, or continuing to prosecute any of the Released Plaintiffs' Claims against Defendant or Defendant's Releasees, as more fully described in the Stipulation.

15. **Objections:** Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The objecting Settlement Class Member may, but is not required, to appear at the Final Approval Hearing. The Court will consider all timely and valid objections irrespective of whether the objecting Settlement Class Member appears at the Final Approval Hearing.

16. Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address and telephone number of the person objecting and must be signed by the objector; (b) must clearly identify the case name and number (*Donovan v. GMO-Z.com Trust Company, Inc.*, No. 23-CV-08431 (S.D.N.Y.)); (c) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) must include documents sufficient to prove membership in the Settlement Class (redacting any sensitive, non-publishable information), including the amount of GYEN that the objecting Settlement Class Member purchased or acquired during the Settlement Class Period, as well as the dates and prices of each such purchase or acquisition. The objection must be received no later than 114 (one hundred fourteen) days after entry of this Order, by the Clerk's Office at this address: United States District Court, Southern District of New York, Clerk of the Court, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007-1312. By submitting an objection, a person shall be deemed to have submitted to the jurisdiction of the Court and may be subject to discovery with respect to their objection.

17. Any Settlement Class Member who does not make their objection in the manner provided herein shall be deemed to have waived their right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation and Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18. **Appearance at the Final Approval Hearing**: Any Settlement Class Member who does not request exclusion from the Settlement Class may appear at the hearing, at their own expense, individually or through counsel of their own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Plaintiffs' Counsel and Defendant's Counsel, at the addresses set forth below, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct.

**Plaintiffs' Counsel**

ERICKSON KRAMER OSBORNE LLP
Elizabeth A. Kramer
959 Natoma Street
San Francisco, CA 94103
Telephone: (415) 635-0631

BERMAN TABACCO
Daniel E. Barenbaum
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200

**Defendant's Counsel**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Nowell D. Bamberger
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1752

Samuel Levander
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2951

19. **Stay and Temporary Injunction**: Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing, instituting, prosecuting or continuing to prosecute any and all of the Released Plaintiffs' Claims against each and all of the Defendant and Defendant's Releasees.

20. **Settlement Administration Costs**: All reasonable costs up to $150,000 incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court. Neither Defendant nor any of Defendant's Releasees shall have any responsibility for or liability with respect to the Plan of Allocation, any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel or any application for Plaintiffs' reimbursement of costs and expenses directly related to its representation of the Settlement Class, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

21. **Settlement Fund**: The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22. **Taxes**: the Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23. **Termination of Settlement**: If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendant, and the Parties shall revert to their respective positions in the Action as of September 9, 2025, as provided in the Stipulation.

24. **Supporting Papers**: Within 100 (one hundred) days after entry of this Order, Plaintiffs' Counsel shall file the Motion for Final Approval and the Fee and Expense Application.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**

Dated: New York, New York
January 6, 2026

Stewart d. Aaron
______________________________
STEWART D. AARON
United States Magistrate Judge