**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Kenneth Donovan,** | |
| **Plaintiff,** | **1:23-cv-08431 (SDA)** |
| **-against-** | **FINAL ORDER AND JUDGMENT** |
| **GMO-Z.com Trust Company, Inc.,** | |
| **Defendant.** | |

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, a class action entitled *Donovan v. GMO-Z.com Trust Company, Inc.*, No. 23-CV-08431 (SDA), is pending in this Court (the "Action"); and

WHEREAS, Plaintiffs Kenneth Donovan and Hussien Kassfy ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and Defendant GMO-Z.com Trust Company, Inc. ("GMO Trust" or "Defendant") have entered into a Stipulation and Agreement of Settlement (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted against Defendant in this Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement"); and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the meanings as they have in the Stipulation; and

WHEREAS, on January 14, 2026, this Court entered the amended Preliminary Approval Order, which *inter alia*: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to

object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement; and

WHEREAS, due and adequate notice has been given to the Settlement Class; and

WHEREAS, the Court conducted the Final Approval Hearing on May 27, 2026, to consider, among other things, (a) whether the Settlement is fair, reasonable, and adequate, and merits final approval; and (b) whether a judgment should be entered dismissing the Action with prejudice against the Defendant.

NOW, THEREFORE, having considered the Motion for Final Approval; the Motion for Attorneys' Fees, Litigation Expenses and Service Awards; the arguments presented at the Final Approval Hearing, and the complete record in this matter, for the reasons stated on the record at the Final Approval Hearing, and for good cause shown, it is hereby ORDERED, ADJUDGED AND DECREED, as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.   **Jurisdiction**: The Court has jurisdiction over this Action, and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and each of the Settlement Class Members.

2.   **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof the Stipulation and the exhibits thereto, which were filed with the Court on December 30, 2025.

3.   **Class Certification for Settlement Purposes**: The Court hereby affirms its determinations in the amended Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal

Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons who purchased or acquired GYEN in New York or California at a time when the GYEN was unpegged from the Japanese yen between December 29, 2020 and October 10, 2025, inclusive, and lost money thereby. Excluded from the Settlement Class are: (i) Defendant; (ii) any person who was an officer, director, or controlling person of GMO Trust or any of Defendant's Releasees; (iii) any parents, subsidiaries, or affiliates of GMO Trust; (iv) any GYEN market makers or GYEN liquidity providers; (v) any person who was an officer, director, or controlling person of any GYEN market makers or GYEN liquidity providers; (vi) any parents, subsidiaries, or affiliates of any GYEN market makers or GYEN liquidity providers; (vii) any exchange on which GYEN was or is sold; (viii) any person who was an officer, director, or controlling person of any exchange on which GYEN was or is sold; (ix) any parents, subsidiaries, or affiliates of any exchange on which GYEN was or is sold; (x) any entity in which any such excluded party has, or had, a direct or indirect majority ownership interest; (xi) Defendant's directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (xii) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded persons or entities.

4. **Adequacy of Representation**: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the amended Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Erickson Kramer Osborne LLP and Berman Tabacco as Class Counsel for the Settlement Class. Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for

purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **Notice**: The Court finds that the dissemination of Notice to the Settlement Class: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder and the Plan of Allocation), (iii) Class Counsel's motion for an award of attorney's fees and reimbursement of Litigation Expenses, (iv) application by Class Counsel for Plaintiffs' service awards, (v) their right to object to any aspect of the Settlement and/or Class Counsel's motion for attorney's fees and reimbursement of Litigation Expenses, (vi) their right to exclude themselves from the Settlement Class, and (vii) the date, time, and location of the Final Approval Hearing and their right to appear; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The Court finds that a full opportunity has been afforded to Settlement Class Members to object to the Settlement and/or to participate in the Final Approval Hearing. Furthermore, the Court hereby affirms that, to the extent required in connection with this Action, due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act, 28 U.S.C § 1715.

6.    **Plan of Allocation**: The Court finds and concludes that the formula in the Plan of Allocation for the calculation of the claims of Authorized Claimants, which is described in the Notice sent to Settlement Class Members and was made available to all Settlement Class Members at https://www.gyensettlement.com/documents, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund provided by the Settlement among eligible Settlement Class Members. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair, reasonable, and adequate, and the Court hereby approves the Plan of Allocation.

7.    **Final Settlement Approval and Dismissal of Claims**: Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 175) is GRANTED. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable and adequate. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.    This Action and all the claims asserted against Defendant in this Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses except as otherwise expressly provided in the Stipulation.

9.    **Binding Effect**: The terms of the Stipulation and of this Judgment shall be forever binding on Defendant, Plaintiffs, and all other Settlement Class Members (regardless of whether any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as on their respective successors and assigns.

10.    **Releases**: The Releases in the Stipulation are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, immediate family members, insurers, reinsurers, and attorneys in their capacity as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claims (including Unknown Claims) against the Defendant and the other Defendant's Releasees, whether or not such Settlement Class Member executes and delivers the Proof of Claim Form and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting any or all of the Released Plaintiffs' Claims against any of the Defendant's Releasees.

(b) Upon the Effective Date of the Settlement, the Defendant, on behalf of itself, and Defendant's past or present directors, officers, employees, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, attorneys, accountants, auditors, bankers, predecessors, successors, direct and/or indirect parents, subsidiaries, and any entity in which the Defendant has a controlling interest and any of their past or present directors, officers, employees, insurers, co-insurers,

6

reinsurers, principals, controlling shareholders, members, attorneys, accountants, auditors, bankers, predecessors, or successors, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendant's Claim (including Unknown Claims) against Plaintiffs, each of the other Settlement Class Members, and Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting any or all of the Released Defendant's Claims against any of the Plaintiffs' Releasees.

11. Notwithstanding the above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Attorneys' Fees**: Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses and Service Awards (ECF No. 178) is GRANTED. Class Counsel is hereby awarded attorneys' fees in the amount of $2,250,000 (one third of the Settlement Fund), and $86,296.51 in payment of Class Counsel's litigation expenses, together with any interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid, pursuant to the terms set forth in the Stipulation, which are incorporated herein. The award of attorneys' fees and expenses shall be paid to Class Counsel from the Settlement Fund upon entry of this Order, subject to the terms set forth in the Stipulation, which are incorporated herein. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense

application shall in no way disturb or affect the finality of the Judgment and other orders entered with respect to the Settlement.

13.    **Service Awards**: The Court hereby awards Service Awards of $7,500 each to Plaintiffs Kenneth Donovan and Hussein Kassfy and to Non-Settling Plaintiff John Brambl. The Court finds that the Service Awards are fair, reasonable, and adequate in connection with Messrs. Donovan, Kassfy and Brambl's representation of the Settlement Class.

14.    **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the initiation, prosecution, defense and settlement of this Action.

15.    **No Admissions**: Neither this Judgment, the Stipulation (including the exhibits thereto and the Plan of Allocation—or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendant's Releasees as evidence of any presumption, concession, or admission by any of the Defendant's Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant's Releasees;

(b) shall be offered against any of the Plaintiffs' Releasees as evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendant's Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind; or

(c) shall be construed against any of the Defendant's Releasees or Plaintiffs' Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been revered after trial;

Provided, however, that the Parties, their respective Releasees, and the Parties' respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

16.    **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorney's fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion relating to the Plan of Allocation; (e) any motion to approve the distribution of Settlement funds; and (f) the Settlement Class Members for all matters relating to the Action.

17.    **Termination of Settlement**: If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall

be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, Defendant, and the Parties shall revert to their respective positions in the Action as of September 9, 2025, as provided in the Stipulation.

18. **Entry of Final Judgment**: There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is directed to enter this final judgment in this Action and to close this case.

**SO ORDERED.**

Dated:      New York, New York
            May 27, 2026

_____
STEWART D. AARON
United States Magistrate Judge

10