UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH DONOVAN and HUSSIEN KASSFY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GMO-Z.COM TRUST COMPANY, INC.<br><br>Defendant | Case No. 1:23-cv-08431-SDA<br><br>Honorable Stewart D. Aaron |

**ORDER AUTHORIZING DISTRIBUTION OF CLASS SETTLEMENT FUNDS**

This matter is before the Court on Plaintiffs' Motion for an Order Authorizing Distribution of Class Settlement Funds (the "Distribution Motion"). The Settlement, having reached its Effective Date, and the Court, having considered all papers filed and having found the Plan of Allocation to be fair, reasonable, and adequate, and otherwise being fully informed, finds as follows:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. All capitalized terms not otherwise defined herein have the same meaning as set forth in the December 30, 2025, Stipulation and Agreement of Settlement (the "Stipulation") and the Declaration of Kanika Rider in Support of Plaintiff's Motion for an Order Authorizing Distribution of Class Settlement Funds ("Rider Declaration").

2. This Court has jurisdiction over the subject matter of the Distribution Motion and all matters related thereto.

3. No claim received after October 13, 2026 will be eligible for payment from the Net Settlement Fund.

4. The administrative determinations of Simpluris, Inc. ("Simpluris") accepting the Claims described in the Rider Declaration (¶¶ 34-35) and listed on Exhibits C-1, C-2, and C-3 thereto, including the Late but Otherwise Eligible Claims, calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, are hereby approved, and said claims are hereby APPROVED.

5. The administrative determinations of Simpluris rejecting the Claims described in the Rider Declaration (¶¶ 27-29, 32-33) and listed on Exhibits B-1, B-2, and D thereto, are hereby approved, and said claims are hereby REJECTED.

6. A payment to Simpluris in the amount of $172,510.05 from the Settlement Fund, in connection with Notice and Claims Administration Expenses incurred by and to be incurred by Simpluris through the initial distribution of the Net Settlement Fund ("Initial Distribution") described in ¶ 38 of the Rider Declaration is hereby APPROVED.

7. Simpluris is authorized to conduct the Initial Distribution of the Net Settlement Fund pursuant to the Plan of Allocation and as described in ¶ 37 of the Rider Declaration. Specifically, the Net Settlement Fund shall be distributed to the Authorized Claimants listed on Exhibits C-1, C-2, and C-3 to the Rider Declaration in proportion to each Authorized Claimant's Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants as shown on such Exhibits, as detailed in the Rider Declaration (¶ 37) and pursuant to the Court-approved Plan of Allocation. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

8. The checks for distribution to Authorized Claimants issued in the Initial Distribution shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN NINETY (90) DAYS OF ISSUE DATE." Digital payments sent to Authorized Claimants that require acceptance to be effective shall bear a similar notation advising the recipient that they must take action to claim their digital payment within 30 days of issuance of any such digital payment. Class Counsel and Simpluris are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed their check or claimed their digital payment within the allotted time. To the extent that an Authorized Claimant sent a digital payment does not accept that payment, Simpluris shall attempt to locate that Authorized Claimant and send that Authorized Claimant a check consistent with the provisions of this paragraph.

9. Authorized Claimants who do not cash their checks or claim their digital payments within the time allotted will irrevocably forfeit all recovery from the Net Settlement Fund.

10. If any funds remain in the Net Settlement Fund, by reason of uncashed checks, unclaimed digital payments, or otherwise, and after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their checks or claim their digital payments from the Initial Distribution, then, pursuant to Paragraph 37 of the Rider Declaration, but no earlier than six (6) months after the Initial Distribution, and after payment to Simpluris for the costs associated with a second distribution up to $14,000.00, and payment of any actual or expected taxes, costs of preparing appropriate tax returns, and escrow fees, any remaining balance in the Net Settlement Fund may be re-distributed to Settlement Class Members who cashed their checks or received

digital payments in the Initial Distribution and who would receive at least $10.00 from such re-distribution based on their pro-rata share of the remaining funds.

11. Simpluris may make additional redistributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks or received prior digital payments and who would receive at least $10.00 from such additional redistributions if—after deducting Simpluris's fees and expenses further incurred or expected to be incurred in connection with such distribution, and after the payment of any actual or expected taxes, costs of preparing appropriate tax returns, and escrow fees—Class Counsel, in consultation with Simpluris, determines that such additional redistributions would be cost effective.

12. The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement. The Court further finds that, pursuant to the release terms of the Stipulation, all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the Released Persons pursuant to the Settlement beyond the amount allocated to them pursuant to this Order.

13. Simpluris is hereby authorized to destroy the paper copies of Claim Forms and all supporting documentation one year after all Net Settlement Funds have been distributed, and electronic copies three years after all Net Settlement Funds have been distributed.

IT IS SO ORDERED.

DATED: November 19, 2026

HON. STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE